IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-01497-PSF-PAC

WALTER MARTINEZ and
TRISHA MARTINEZ, Individually and as parents and next friends of
MITCH MARTINEZ, a minor,

    Plaintiff,

v.

UNITED STATES OF AMERICA;
JANE DOES, R.N.; and
SAN LUIS VALLEY REGIONAL MEDICAL CENTER,

    Defendants.

## ORDER ON PENDING MOTIONS

This matter comes before the Court on Defendant United States of America's Motion to Dismiss (Dkt. # 16), filed September 22, 2006, and the Motions to Dismiss filed by Defendant San Luis Valley Regional Medical Center ("SLVRMC") (Dkt. ## 27 and 28), filed November 3, 2006. Plaintiffs filed their response to the United States' motion to dismiss on November 6, 2006 (Dkt. # 30), and responses to SLVRMC's motions on November 30, 2006 (Dkt. ## 38 and 39). Defendant United States filed a reply brief in support of its motion to dismiss on November 27, 2006 (Dkt. # 34) and Defendant SLVRMC filed replies in support of its two motions on December 12, 2006 (Dkt. ## 46 and 47). The matter is ripe for decision. The Court has determined that a hearing is not necessary.

**BACKGROUND**

Plaintiffs Walter and Trisha Martinez, individually and as parents and next friend of Mitch Martinez, a minor, filed their complaint in this professional negligence case in the Alamosa County District Court on or about April 18, 2006, naming as defendants Dr. Elizabeth Kinney, Dr. Kristina Steinberg, an unknown nurse identified as Jane Doe, SLVRMC, a hospital, and Valley Wide Health Systems, Inc., a/k/a/ Alamosa Family Medical Center ("Valley Wide") (Dkt. # 2).  Essentially, the complaint alleges that from at least December 1996 through August 5, 1997, the day Mitch Martinez was born, Plaintiff Trisha Martinez, his mother, was receiving prenatal care from Drs. Kinney and Steinberg, employees of Valley Wide (Complaint ¶¶ 10-13).  The complaint further alleges that on or about August 5, 1997 Plaintiff Trisha Martinez came under the care of Nurse Doe, a labor and delivery nurse and an employee of SLVRMC (Complaint, ¶¶ 14-15).

The complaint alleges that the professional negligence of Dr. Steinberg, who performed the delivery on August 5, 1997, and the alleged negligence of Dr. Kinney in connection with the prenatal care of plaintiff Trisha Martinez, resulted in severe and disabling injuries to Mitch Martinez that are permanently disabling, incapacitating and crippling (Complaint ¶¶ 20, 30).  The First and Second Claims for Relief are asserted against Defendant Steinberg alleging negligence and failure to obtain informed consent, the Third and Fourth Claims for Relief are asserted against Defendant Kinney alleging negligence and failure to obtain informed consent, and the Fifth Claim for

Relief is asserted against Valley Wide alleging vicarious liability as the employer of Drs. Steinberg and Kinney.

The Sixth Claim for Relief is asserted against unspecified Defendant "Nurse Doe," alleging negligence in the care and treatment of Plaintiff Trisha Martinez, and as a result her son, while she was in the hospital.  The Seventh Claim for Relief is asserted against the hospital, SLVRMC, alleging vicarious liability for the negligence of all of its agents, including but not limited to Nurse Doe, committed during the period of Trisha Martinez's hospitalization for August 3, 1997 through August 8, 1997 (Complaint,  ¶¶ 48-50).

On August 1, 2006, Defendant United States filed a notice of substitution pursuant to 28 U.S.C. § 2679, asserting that Drs. Steinberg and Kinney were acting within the scope of their employment with the United States Department of Health and Human Services at the times when the alleged acts of negligence were committed (Dkt. # 3), and on August 2, 2006, the United States filed a notice of substitution for Defendant Valley Wide (Dkt. # 6), asserting that at the relevant times it was an entity receiving federal grant money, and thus these three defendants were covered under the Federal Torts Claim Act ("FTCA"), which provides that the exclusive remedy for persons with claims for damages resulting from the actions of federal employees taken within the scope of their employment (*id.* at ¶ 2).  By order entered August 3, 2006, the Court dismissed Defendants Steinberg, Kinney and Valley Wide, and substituted the United States as defendant (Dkt. # 9).

The Defendant United States also filed a notice of removal on August 1, 2006 (Dkt. # 1) removing the case from the Alamosa County District Court to this Court. Although the removal states that it is being filed pursuant to 28 U.S.C. § 1441 (Dkt. # 1 at 2), the Court believes that the more pertinent statute is 28 U.S.C. § 1442, which relates to removal of cases where federal employees or agencies are sued. In addition, although plaintiffs assert in their opposition to the motion to dismiss that they "do not concede that" these defendants are federal employees covered under the FTCA, for purpose of responding to the motion, they "will assume" that they are "properly covered by the FTCA." (Dkt. # 30 at 3, n.1). Plaintiffs have not filed a motion to restore former Defendants Steinberg, Kinney and Valley Wide as defendants, nor have they sought a remand of this case to the state court.

**DEFENDANTS' MOTIONS**

Defendant United States seeks dismissal of the claims asserted against former Defendants Steinberg, Kinney and Valley Wide (the First through Fifth Claims for Relief) on the grounds that such claims are barred due to plaintiffs' failure to file an administrative claims in accordance with provisions of the FTCA, 28 U.S.C. § 2675(a), which provides that actions for negligence of federal employees may not be brought unless the claimant shall have first presented the claim to the appropriate federal agency, and by the operation of the two-year statute of limitations contained in 28 U.S.C. § 2401(b), which provides that "a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." Defendant United States asserts that no

4

administrative claim has ever been filed by plaintiffs, and in any event, well more than two years passed after the plaintiffs' claims accrued without an administrative claim having being filed and before the complaint was filed in April 2006.

Defendant SLVRMC seeks dismissal of the claims filed against Nurse Doe and itself (Sixth and Seventh Claims for Relief) on the grounds that the plaintiffs' claims are barred by the applicable Colorado two-year statute of limitations, C.R.S. § 13-80-102.5, pertaining to claims against health care institutions and health care professionals, or by the doctrine of laches (Dkt. # 28).  Defendant SLVRMC apparently asserts that plaintiffs' claims accrued no later than August 8, 1997 as the complaint does not assert any alleged wrongful acts or omissions by defendants after that date (*see* Dkt. # 28 at 2), and yet the complaint was not filed until some eight and one-half years later in April 2006.[1]  Alternatively, SLVRMC seeks dismissal of the claims against Nurse Doe and itself because plaintiff failed to comply with the Colorado statutory requirement of providing a certificate of review in accordance with C.R.S. § 13-20-602 specifically addressing the alleged professional negligence of the nurse and the hospital.  (Dkt. # 27).

**PLAINTIFFS' RESPONSES**

Plaintiffs do not deny that they failed to file an administrative claim at any time prior to the filing of the lawsuit, or within the two-year period after their claims accrued,

---

[1] Elsewhere in the motion, Defendant SLVRMC refers to the alleged negligent acts occurring on or before August 5, 2002 citing to paragraphs 17-19 of the complaint (Motion at 3-4).  The Court finds no references in the complaint to events occurring in 2002, or on any date after 1997, and assumes this statement is an error by defendant.  In any event, the exact date of the alleged negligence of the hospital is not determinative.

but assert that they did not do so because they had "absolutely no indication" that former defendants Steinberg, Kinney and Valley Wide were federal employees (Plaintiff's Response, Dkt. # 30 at 2). They argue that the doctrine of equitable tolling should be applied here to toll the FTCA's statute of limitations, because "[d]espite diligent efforts, [they] have been unable to obtain the information showing that federal actors were involved in the medical care." *Id.* at 5. They assert that they had no reason to know that the federal government had some nexus to their medical care, that the records from the doctors did not reveal that they were federal employees, and therefore the statute of limitations should be tolled until the date the United States filed its notice of substitution in this case (*id.* at 5-6).

In response to SLVRMC's motion regarding the two-year statute of limitations, plaintiffs assert that the two-year statute of limitations has not run because the plaintiff is a minor, and C.R.S. § 13-80-102.5 only applies if the child is represented by a legal guardian at the time the alleged negligence occurred (Plaintiffs' Response, Dkt. # 38 at 2). In response to the motion regarding the certificate of review, plaintiffs assert that the certificate of review contained in the complaint is sufficient as it applies to all defendants, including the nurse and the hospital (Plaintiffs' Response Dkt. # 39 at 3).

**ANALYSIS**

The Court first addresses the United States' motion to dismiss the claims against it, for if those federal claims are dismissed there may be no basis for continuing federal jurisdiction in this case. The United States correctly argues that, under Tenth Circuit law, any tort claim against the United States is barred unless presented to an

appropriate federal agency within two years of the claim accruing, and filed within six months of the claim being denied by that agency, citing to *Franklin Savings Corp. v. United States*, 385 F.3d 1279, 1287 (10th Cir. 2004), *cert. denied*, 126 S.Ct. 337 (2005).  Moreover, the *Franklin Savings* opinion also holds that '[t]imeliness of suit is one of the conditions of the government's waiver of sovereign immunity under the FTCA, and the district court lacks subject matter jurisdiction to proceed under the FTCA if a plaintiff fails to satisfy the FTCA's timing requirements set forth in § 2401(b)." *Id.*  That case, however, does not expressly address the issue of equitable tolling.

Plaintiffs cite no decision of the United States Supreme Court or of Tenth Circuit that has expressly decided whether equitable tolling applies to the limitations period under the FTCA.  On the other hand, the United States cites to no Tenth Circuit decision that expressly holds that equitable tolling is not recognized under the FTCA limitations period.

Plaintiffs do cite to decisions from other circuits that recognize equitable tolling of the FTCA limitations period.  In *Glarner v. United States*, 30 F.3d 697 (6th Cir.1994) and in *Schmidt v. United States*, 933 F.2d 639 (8th Cir. 1991), the circuit panels found that equitable tolling applied to the limitations period of the FTCA.  Both decisions, however, based their reasoning on the understanding that the limitations period of the FTCA was not a jurisdictional limitation.  *See Glarner, supra,* 30 F.3d at 701; *Schmidt, supra*, 933 F.2d at 640.  In reaching their conclusions, both cases also relied on the fact that after the Supreme Court decided in *Irwin v. Veterans Administration*, 498 U.S. 89 (1990) that equitable tolling applied to the limitations period for Title VII cases

against the federal government, it vacated the earlier Eighth Circuit panel decision in *Schmidt*, and remanded the case for reconsideration in light of the *Irwin* decision. *See Schmidt v. United States,* 498 U.S. 1077 (1990). Yet, despite the *Irwin* decision in 1990 and contrary to the rationale underlying the *Glarner* and *Schmidt* opinions, the Tenth Circuit continues to hold, as noted in the *Franklin Savings* case, that the statutory limitations period of the FTCA is jurisdictional.

Moreover, in *Pipkin v. United States Postal Service,* 951 F.2d 272 (10th Cir. 1991), a post-*Irwin* decision of the Tenth Circuit, the panel affirmed the dismissal of the plaintiff's complaint as untimely filed under the FTCA without expressly holding whether or not equitable tolling was available. The court acknowledged the *Irwin* decision stating that "[w]hile we recognize that equitable considerations may permit the extension of time limits on federal claims, Mr. Pipkin does not fall within the narrowly defined class of cases in which a federal statute of limitations is equitably tolled." 951 F.2d at 275. The opinion further states that "[o]ur holding in this respect comports with precedent recognizing that the FTCA represents a waiver of the sovereign immunity of the United States, and, as such, must be strictly construed." *Id.* The opinion comments that in enacting the limitations period of 28 U.S.C. § 2401(b) as a condition of the waiver of sovereign immunity, Congress intended to strike a balance between providing a reasonable time for plaintiffs to present tort claims against the United States and preventing assertion of stale claims. The opinion states:

> Courts are not free to construe section 2401(b) so as to
> defeat that section's purpose of encouraging prompt
> presentation of claims against the federal government. The

8

> limitations period is a meritorious defense that is itself in the
> public interest. Therefore, in construing the FTCA's statute
> of limitations, courts should not extend that waiver beyond
> congressional intent.

*Id.* (Internal citations omitted).

In at least two decisions following *Pipkin*, the Tenth Circuit has stated that "[i]t is settled law that in a narrow range of situations a federal statute of limitations may be equitably tolled," but in both cases the panel affirmed decisions dismissing FTCA claims, finding that the district court was correct in not reaching the substance of plaintiffs' equitable tolling arguments in those cases given their particular facts. *See Benge v. United States,* 17 F.3d 1286, 1288 (10th Cir. 1994); *Wright v. United States*, 1995 WL 12025 at *2 (10th Cir., Jan. 12, 1995). In *Farlaino v. United States*, 1997 WL 139768 (10th Cir., Mar. 25, 1997), a case with facts similar to *Pipkin*, the panel stated that assuming, as the Court did in *Pipkin*, that the FTCA statute of limitations was tolled during the pendency of that plaintiff's first complaint, the refiling of the complaint there was not timely because it was not accomplished within six months of the administrative denial of her claim. 1997 WL 139768 at * 4.

Given these decisions, this Court cannot say that the Tenth Circuit would hold that equitable tolling is never available, nor would it necessarily recognize the equitable tolling analysis set forth in the cases cited by plaintiffs. At least two district courts within the Tenth Circuit appear to agree. In *Wukawitz v. United States*, 170 F. Supp. 2d 1165, 1168 (D. Utah 2001), the district judge stated that "the Tenth Circuit has never decided whether equitable tolling applies to the FTCA," but concluded on his own

9

analysis that it does not. In *Alsup v. United States,* 2006 WL 2666410 at *2 (D. Utah, Sept. 14, 2006), another judge of the same district, citing to *Pipkin*, stated that "[f]ederal courts have allowed equitable tolling only sparingly–when a *defective* pleading was filed during the statutory time or where there was trickery." Yet citing to *Wukawitz*, the district judge in *Alsup* also states that "equitable tolling . . . is not applicable to the FTCA." *Id.* (emphasis in original; footnotes omitted).

Nonetheless, having made these general statements regarding equitable tolling, *Pipkin*, *Benge, Wukawitz* and *Alsup* each proceeded with its own analysis, stating that even if equitable tolling applied to the FTCA, the facts of that case do not warrant its application there. *See Pipkin, supra*, 951 F.2d at 275; *see Benge,* 17 F.3d at 1288; *Wukawitz, supra,* 170 F. Supp. 2d at 1170; *Alsup,* 2006 WL 2666410 at *2.

In *Pipkin* the plaintiff timely commenced a FTCA action within six months of receiving notice of administrative denial of his claim, but the case was dismissed for failure to prosecute. 951 F.2d at 274. He refiled his complaint approximately one year later, but the court found that the second filing was untimely as it was not brought within six months of the administrative denial of his claim, even if the statutory period were considered to be tolled while the first case was pending. *Id.*

In *Benge*, the plaintiffs' original FTCA action, filed only two days before the six months filing period expired, was subsequently dismissed for lack of proper service of process. 17 F.3d at 1287. Plaintiffs filed a new action some seven weeks later. The Tenth Circuit held that the second filing was untimely, stating:

> "Equitable tolling" of a statute means only that the running of the statute is suspended, not that the limitations period begins over again. In this case, plaintiffs filed their first complaint only two days before the expiration of the initial six month limitations period. Because all but two days of the limitations period had already run before equitable tolling might apply, the doctrine would give plaintiffs only a very short additional period to refile after dismissal of the initial complaint. That dismissal came on May 1, 1992, and plaintiffs did not refile their complaint until June 22, 1992, well after any additional period to which plaintiffs would be entitled.

17 F.3d at 1288.

In *Wukawitz*, the plaintiff also filed her lawsuit against the United States within six months of receiving notice of administrative denial of her claim, but filed the case in the state court. 170 F. Supp. 2d at 1167. She voluntarily dismissed the case at the urging of attorneys from the United States Attorney's Office, who suggested that the federal court was the only court with jurisdiction. Plaintiff voluntarily dismissed her state court filing, but did not refile in federal court until more than nine months after the administrative determination. *Id.* The district court ruled that "[e]ven if this Court were to conclude that the FTCA time limitations are subject to the doctrine of equitable tolling, the facts of Plaintiff's case are insufficient to justify its application." The decision points out that "[p]laintiff's assertion that filing a defective pleading in the wrong forum within the statutory period entitles her to application of equitable tolling is clearly erroneous after a careful review of the applicable case law." *Id.* at 1170. The court found that plaintiff's actions amounted to at most "a garden variety case of excusable neglect" as plaintiff had been notified of the time limitations and the proper

court in which to file her claims, and failed to do so. *Id.* at 1170-71. That was not enough to salvage the case.

In *Alsup*, the plaintiff filed her suit against the United States before the administrative claim was denied, voluntarily dismissed her complaint at the urging of the Assistant United States Attorney more than six months after issuance of the administrative denial, and then waited nearly a year before refiling her complaint. 2006 WL 2666410 at *1. The district judge granted the United States' motion to dismiss, ruling that even if equitable tolling applied, he would not apply to this case because Alsup had not shown her initial complaint was defective, and any claimed defect in the initial complaint is irrelevant because she voluntarily dismissed that case. *Id.* at *2.

Applying the same analytical methods used in the above referenced cases, this Court also finds that even if equitable tolling were available under the FTCA based on the current state of Tenth Circuit law, plaintiffs here may not validly assert equitable tolling. Unlike the plaintiffs in all of the cases cited above, the plaintiffs in the instant case concede that they made no effort to file an administrative claim within six months of their cause of action accruing, took no action to file a lawsuit within the two-year limitations period, either against the United States or against the individual defendants who have since been dismissed, and made no investigation to determine if their claims were claims properly brought against the United States. Rather, they claim they took no action because they had no reason to believe that the former defendants were federal employees or were covered by the FTCA.

It may well be that they did not have reason to know that the defendants were covered by the FTCA, but that is not a good reason to equitably extend the limitations period of the FTCA. As the Tenth Circuit stated in *Pipkin*, the limitations period of the FTCA was designed to strike a balance between providing a reasonable time for plaintiffs to present claims against the United States and preventing the assertion of stale claims, given the waiver of sovereign immunity under the FTCA. Allowing a plaintiff an indefinite time to file a claim against the federal government because he does not know his claim is against the United States, or to allow an indefinite time to undertake any investigation to find out if the claim is against the government, as plaintiffs' rationale suggests here, would certainly upset the balance described by the Tenth Circuit.

Moreover, plaintiffs do not cite any authority that recognizes that ignorance of the fact that the government is the proper defendant is a basis for equitable tolling. Indeed, the one case on which plaintiffs appear to place much reliance, *Norman v. United States*, 377 F. Supp. 2d 96 (D.D.C. 2005), *aff'd*, 467 F.3d 773 (D.C. Cir. 2006), presents a fact pattern not unlike that present here where the United States "unexpectedly" substituted for a party defendant and moved to dismiss the case for failure to exhaust administrative remedies. *Id.* at 99. The court there noted that under the Westfall Act, 28 U.S.C. § 2679(d)(5), the plaintiff could refile if the case was dismissed for failure to exhaust, provided he filed his administrative claim with 60 days of the dismissal and the case was refiled within the two year limitations period of the

FTCA. *Id.* However, as the two-year statute had already expired, the district judge considered whether equitable tolling should be applied.

Citing to the *Irwin* decision, the district court concluded that equitable tolling might be allowed in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant was induced or tricked by his adversary's misconduct into allowing the filing deadline to pass, but that the courts were much less forgiving where the claimant failed to exercise due diligence to preserve his legal rights, and that equitable tolling did not apply to garden variety excusable neglect. *Id.* at 100.

The plaintiff in *Norman*, like the plaintiffs here, failed to ascertain that the defendant was covered by the FTCA. The *Norman* decision states, however, that the case law makes clear that the doctrine of equitable tolling requires a party seeking to toll the statute of limitations to act with reasonable diligence to determine, within the limitations period, the circumstances surrounding his case that may limit the causes of action available to him. *Id.* at 101. The court found that reasonable diligence would likely have revealed within two years of plaintiff's accident that the defendant there, the driver of a motor vehicle that collided with plaintiff, was a federal employee. Thus the court refused to equitably toll the FTCA's statute of limitations.

The Court of Appeals for the District of Columbia affirmed the *Norman* decision, expressly stating that "due diligence requires reasonable efforts to learn the employment status of the defendant." 467 F.3d at 776. Perhaps even more significantly for purposes of the instant case, that appellate court cited to the decision

14

in *T.L. ex rel. Ingram v. United States,* 443 F.3d 956, 964 (8th Cir.2006), a case with facts nearly identical to the those in the instant case.

In *Ingram*, the plaintiff brought suit in the name of her child, alleging that the child suffered permanent injuries at the time of her delivery, but filed her lawsuit after the FTCA limitations period expired. She argued, in opposition to a motion to dismiss filed under the two-year statute of limitations, as do the plaintiffs here, that she had no reason to believe the doctor who delivered the child was a federal employee, that there was no indication in the medical records that the doctor was a federal employee, and therefore the statute should be tolled. 443 F.3d at 963-64. The appellate panel rejected this argument, holding that for purposes of the FTCA limitation period, "[a] plaintiff thus must inquire into the employment status of her doctor." *Id.* at 964. The Court further pointed out that where the government or its agents have not misled or deceived a plaintiff, or otherwise hidden the legal identity of alleged tortfeasors as federal employees, the cause of action still accrues when the existence of an injury and its cause are known, citing to *Garza v. United States Bureau of Prisons*, 284 F.3d 930, 935 (8th Cir. 2002).

Moreover, although not argued by plaintiffs in the instant case, the *Ingram* opinion also holds that the fact that the mother acting as plaintiff in that case was herself a minor did not effect a tolling of the limitations period under the FTCA, 443 F.3d at 965, just as the limitations period is not tolled when the injured party itself is an infant, citing to *Wilson ex rel. Wilson v. Gunn,* 403 F.3d 524, 526 (8th Cir. 2005).

Accordingly, the minority status of Mitch Martinez in the case at bar does not stop the running of the FTCA statute of limitations.

Plaintiffs in this case, like the plaintiffs in *Norman* and *Ingram*, by their own admission did not act with reasonable diligence to determine, within the limitations period, the circumstances surrounding their case that may limit the causes of action available to them. The plaintiffs here concede they undertook no investigation. The Defendant United States has shown that if the plaintiffs had performed a web site search of the Valley Wide clinic, they would have learned that it is a recipient of federal assistance. *See* Exhibit A-4 to the United States Reply Brief. This is not to say the plaintiffs would have necessarily found the same results on a web site search timely performed within the two years following the accrual of their claims, or otherwise obtained clear evidence of the FTCA application here, but the fact of the matter is that plaintiffs concede they did not even attempt to check such information.

Thus, for the same reasons expressed by the court in *Norman*, this Court declines to apply equitable tolling to the case at bar. The motion of the Defendant United States to dismiss the First through Fifth Claims for Relief for lack of subject matter jurisdiction due to plaintiffs' failure to exhaust administrative remedies is GRANTED.

Because the plaintiffs' claims against the United States provide the only basis for the exercise of federal jurisdiction in this case, the Court determines, *sua sponte*, whether it should exercise supplemental jurisdiction over the remaining non-federal claims against Defendants SLVRMC and Nurse Doe under 28 U.S.C. § 1367, or

whether it should remand the case to the state court. *See e.g. Millar v. Bay Area Rapid Transit Dist.* 236 F. Supp. 2d 1110, 1119 (N.D. Cal. 2002) ("Following dismissal of a plaintiff's federal claims, the Court must decide whether to retain his supplemental state claims or remand them to state court."). Factors the court should consider when deciding whether to retain jurisdiction over supplemental state claims include judicial economy, convenience, fairness, and comity. *Id.* As the *Millar* court states, "[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.*

Here, where the sole federal claim has now dropped out of the lawsuit within a few months of the case being removed, where the ruling is entered prior to the start of discovery, where this Court's involvement has been limited to deciding the initial motions, and where no discovery or briefing schedule has been established, judicial economy is not lost by a remand to the state court. Moreover, because the pending motions of Defendant SLVRMC involve issues of state law, comity is best served by leaving them for determination by the state court. Also, here fairness does not militate against remand as this is not a case where the plaintiff has dropped its federal claims in a "manipulative tactic" to avoid federal jurisdiction. *See Millar, supra.* Finally, convenience of all parties may be served if this case proceeds in the Alamosa County District Court as that appears to be the area where plaintiffs and former defendants live, and most likely where many, if not most of the witnesses are to be found. Plaintiffs, of course, chose that forum at the outset of the case.

For all of these reasons, the Court declines to retain jurisdiction over plaintiffs state law claims against the hospital, SLVRMC, and against Nurse Doe. The Fifth and Sixth Claims for Relief are remanded to the state court, together with the motions to dismiss filed by Defendant SLVRMC.

**CONCLUSION**

Defendant United States of America's Motion to Dismiss (Dkt. # 16), filed September 22, 2006, is GRANTED. The First through Fifth Claims for Relief are dismissed with prejudice.

The Sixth and Seventh Claims for Relief against Defendants SLVRMC and Nurse Doe are remanded to the district court for the District of Alamosa County.

The Motions to Dismiss filed by Defendant SLVRMC (Dkt. ## 27 and 28), filed November 3, 2006, are remanded for determination by the state court.

The Clerk of the Court is directed to remand this case as set forth above following which this case is to be closed.

DATED: December 18, 2006

BY THE COURT:

*s/ Bob Blackburn for*
_____
Phillip S. Figa
United States District Judge